# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN Z. LEE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4379 | **DATE** | 7/11/13 |
| **CASE TITLE** | Brandon Gibson (#2012-0124125) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $15.63 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. On the court's own motion, St. Anthony's Hospital and Cermak Health Center are dismissed as defendants on preliminary review pursuant to 28 U.S.C. § 1915A. The clerk is directed to issue summonses for service on defendant Dart only. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The plaintiff's motion for attorney representation [#4] is denied without prejudice.

■ [**For further details see text below.**]                                                                                             **Docketing to mail notices.**

## STATEMENT

    The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that officers at the jail watched an inmate brawl without intervening, giving a fellow detainee the opportunity to stab the plaintiff; he additionally maintains that he received inadequate care for his injury at both an outside hospital and the jail infirmary.

    The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $15.63. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th
**(CONTINUED)**

mjm

**STATEMENT (continued)**

Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states colorable causes of action under the Civil Rights Act. Jail officials have a duty to protect inmates from violent assaults by other inmates. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 669 (7th Cir. 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). It should nevertheless be noted that correctional officers are not required to put themselves at risk by breaking up a fight between inmates armed with weapons. *Peate v. McCann*, 294 F.3d 879, 883 (7th Cir. 2002) (citing *MacKay v. Farnsworth*, 48 F.3d 491, 493 (10th Cir. 1995) (failing to intervene between inmates fighting with weapons does not constitute deliberate indifference); *Arnold v. Jones*, 891 F.2d 1370, 1373 (8th Cir. 1989) (if intervening in a prison fight could cause serious injury, guards have no duty to do so as a matter of law)).

The plaintiff may also have a tenable claim against jail health care providers. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *but see Johnson v. Doughty*, 433 F.3d 1001, 1017 (7th Cir. 2006) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). Assuming that the plaintiff had a serious medical need that went unaddressed, he may be entitled to relief under 42 U.S.C. § 1983.

The plaintiff has articulated no viable claim against the only person named as a defendant, Sheriff Tom Dart. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). The plaintiff cannot recover damages from Sheriff Dart for the acts or omissions of his subordinates.

Nevertheless, because the plaintiff is apparently unable to identify either the correctional officers who allegedly failed to protect him from harm or the medical staffers who allegedly failed to provide medical care, Sheriff Dart will remain as a defendant in order to assist the plaintiff in identifying the individuals in question. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996). Once the plaintiff has obtained service on Sheriff Dart and an attorney has entered an appearance, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the defendants who allegedly violated the plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff
**(CONTINUED)**

**STATEMENT (continued)**

learns the defendants' identities, he may again ask leave to amend the complaint to substitute their names as defendants. Summonses will then issue for service on the defendants in interest and Sheriff Dart will be dismissed as a defendant.

The plaintiff is advised that there is a two-year statute of limitations for civil rights actions. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. The plaintiff should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

On the court's own motion, St. Anthony's Hospital is dismissed as a defendant on preliminary review pursuant to 28 U.S.C. § 1915A. In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *See, e.g., Parker v. Franklin County Community School Corp.*, 667 F.3d 910, 925 (7th Cir. 2012). A plaintiff cannot claim that a private hospital was acting under color of state law, "an element of any § 1983 claim." *Turner v. Jackson Park Hosp.*, 264 Fed. Appx. 527, 529-530 (7th Cir. 2008) (citing *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003)). Accordingly, the plaintiff must file suit in state court if he wishes to challenge the quality of the care he received there.

"Cermak Health Center" is likewise dismissed as a defendant. The jail's medical center is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *see also Fanning v. Cook County*, No. 05 C 2020, 2006 WL 385065, at *3 (N.D. Ill. Feb. 15, 2006) (St. Eve, J.) (the Cook County Department of Corrections is not a suable entity); *Fergurson v. Cook County Jail*, No. 04 C 7087, 2004 WL 2967444, at *2 (N.D. Ill. Nov. 19, 2004) (Shadur, J.) (the jail is not a suable entity).

The clerk shall issue summons for service of the complaint on defendant Dart. The United States Marshals Service is appointed to serve the defendant. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The Marshal is authorized to send a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff is reminded that he is required to provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendant [or to defense counsel, once an attorney has entered an appearance on behalf of the defendant]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's motion for attorney representation is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson*

**(CONTINUED)**

**STATEMENT (continued)**

*v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C.§ 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, No. 12-1182, --- F.3d ---, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the court must examine "whether the difficulty of the case--factually and legally--exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 2013 WL 2321349, at *3 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

After considering the above factors, the court concludes that the solicitation of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. The plaintiff, whose initial submissions are coherent and articulate, appears more than capable of litigating this matter. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for attorney representation is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.